Case: 1:24-mj-00308
Assigned To : Judge Zia M. Faruqui
Assign. Date : 9/30/2024
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

On September 26th, 2024, at approximately 2:50 p.m. officers with the Metropolitan Police Department were operating in a marked cruiser near 4351 4th Street SE, Washington, DC 20032. Officers noticed Defendant Dominique Davis, who was later identified by a Maryland Identification Card, standing on a descending flight of stairs. There were three other individuals on the opposite side of the sidewalk from Defendant Davis in a small park. Because the police cruiser had its windows down, officers could smell the odor of marijuana. Officers exited their cruiser began to walk in the direction of Defendant Davis. The three individuals who were near the park immediately descended the stairs in the opposite direction of the approaching officers, while Defendant Davis attempted to gather his belongings. As officers drew closer to Defendant Davis, they determined he was smoking marijuana because of the distinct odor and the large, lit Marijuana cigarette in his hand. Officers spoke to Defendant Davis about how he seemed to have smoked a little too much, and Defendant Davis apologized. After being directed by officers to put out the cigarette, Defendant Davis complied.

MPD officers then asked if Defendant Davis had identification, and Defendant Davis indicated it was in his car. Defendant Davis voluntarily walked officers to his vehicle to produce his identification, and during the walk to his vehicle, he denied smoking marijuana. With Defendant Davis's identification in hand, officers then conducted a WALES/NCIC background check. The WALES/NCIC check revealed that Defendant Davis had a fully extraditable warrant out for his arrest from Prince George's County, Maryland for First Degree Assault. Officers placed Defendant Davis in handcuffs once they saw the open warrant for his arrest.

To confirm the warrant was an accurate entry, officers asked Defendant Davis to provide his social security number, which he did. The social security number provided by Defendant Davis matched the WALES warrant listing. Officers then called Teletype and, after ten minutes, were able to confirm that Prince George's County intended to extradite Defendant Davis. Officers then placed Defendant Davis under arrest.

In a search incident to arrest, officers felt a hard linear object inconsistent with a cell phone beneath the waistband of Defendant Davis's pants. Officers lifted open Defendant Davis's pants and observed what appeared to be the baseplate of an extended magazine facing upwards towards the Defendant's stomach, which was underneath two layers of compression pants. Officers then pulled both layers of compression shorts away from the defendant's body and saw an extended magazine with the Glock logo stamped on the baseplate that appeared to be inserted into the handle of a firearm. Officers took photographs of their observations and then retrieved from Defendant Davis's pants a firearm with an extended magazine.

The recovered handgun was a Generation 5 Glock 23 .40 caliber handgun. Inserted inside the handgun was an extended, black-colored Glock magazine, which was able to hold 22 rounds of ammunition. The handgun had one round in the chamber, and the extended magazine contained 16 rounds of .40 caliber ammunition.

There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition described above necessarily traveled in interstate commerce before they were recovered in the District of Columbia.

Defendant Davis has prior criminal felony convictions for crimes that are punishable by terms of incarceration greater than one year. In case 2017 CF2 006013, the defendant was convicted of Unlawful Possession of a Firearm (Prior Conviction) and Possession with Intent to Distribute a Controlled Substance (Marijuana), and he was sentenced on September 6, 2018, to 18 months of incarceration for the firearm possession and 12 months of incarceration for the drug count. These sentences were ordered to run concurrently and be followed by three years of supervised release. In 2017 CF3 006010, the defendant was convicted of Assault with a Dangerous Weapon (Firearm). On September 6, 2018, he was sentenced to 24 months of incarceration to be followed by 36 months of supervised release, which also ran concurrently to the sentences in 2017 CF2 006013. As a result, at the time of his arrest, the defendant was aware that he had prior convictions for crimes punishable by more than one year of imprisonment.

Based on the foregoing, your affiant submits that there is probable cause to believe that on or about September 26, 2024, Defendant Dominique Davis violated 18 U.S.C. § 922(g)(1), which makes it a crime for a convicted felon to possess a firearm.

_____
Officer Justus Hsu
Metropolitan Police Department

Respectfully submitted and attested to in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 by telephone on September 30, 2024.

_____
The Honorable Zia M. Faruqi
United States Magistrate Judge